UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                              :
ANTHONY SWEENEY,                     :          CASE NO. 1:17-CV-0798
                                              :
                Plaintiff,                    :
                                              :
vs.                                                   :          OPINION & ORDER
                                              :          [Resolving Doc. No. 1]
LORAIN COUNTY SHERIFF,          :
                                              :
                Defendant.                 :
                                              :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Anthony Sweeney filed this action under 42 U.S.C. § 1983 against the Lorain County Sheriff. In the Complaint, Plaintiff alleges the stool on which he was sitting in the Lorain County Jail broke, causing him to sustain injury to his lower back, and head. He alleges he was subjected to cruel and unusual punishment and denied proper medical care. He seeks monetary damages.

**I. Background**

The Complaint is very brief. Plaintiff states he was sitting on a stool in the chow hall of the Lorain County Jail when it broke. He hit his lower back and head in the fall, causing him to experience numbness and pain in his back, head, and left leg. He contends he is also seeing black spots in his right eye. He indicates he was not taken to a hospital for a CAT scan, but instead was given Tylenol and Motrin and an extra mat for his bed. Plaintiff subsequently was transferred to the Cuyahoga County Jail. A doctor at that jail ordered an x-ray of his back and

referred him to a neurologist. He asserts Eighth Amendment claims for unsafe conditions of confinement and denial of proper medical care.

## II. Legal Standard

Although the Court does not hold *pro se* pleadings to the same standard as those filed by attorneys, the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] A claim lacks an arguable basis in law or fact when it is based on an unquestionably meritless legal theory or when the factual allegations are clearly baseless.[2] A cause of action fails to state a claim upon which relief may be granted when it does not contain enough facts to suggest Plaintiff has a plausible claim that entitles him to the relief he seeks.[3] This does not mean a Plaintiff is required to allege the facts of his Complaint in great detail, but he still must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."[4] A Complaint that offers only legal conclusions or a simple listing of the elements of a cause of action will not meet this standard.[5] When reviewing the Complaint under § 1915(e), the Court must read it in a way that is the most favorable to the Plaintiff.[6]

---

[1] *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).

[2] *Neitzke*, 490 U.S. at 327.

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

[4] *Iqbal*, 556 U.S. at 678.

[5] *Id.*

[6] *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. Analysis

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency."[7] The Eighth Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain."[8] Although the Eighth Amendment applies only to convicted prisoners, the Due Process Clause of the Fourteenth Amendment extends those Eighth Amendment protections to pretrial detainees.[9] Claims of pretrial detainees are analyzed under the same rubric as Eighth Amendment claims brought by prisoners.[10]

The framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment involves two components.[11] A Plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred.[12] Seriousness is measured in response to

---

[7] *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).

[8] *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).

[9] *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983).

[10] *See Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985) (citing *Bell v. Wolfish*, 441 U.S. 520, 545 (1979)).

[11] *Wilson v. Seiter*, 501 U.S. 294, 298 (1991),

[12] *Id.*

"contemporary standards of decency."[13] Routine discomforts of prison life do not suffice.[14] Only serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment.[15] A Plaintiff must also establish a subjective element showing the prison officials acted with deliberate indifference to the serious medical need or extreme deprivation.[16] Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error.[17] Liability cannot be predicated solely on negligence.[18] A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met.[19]

In this case, Plaintiff has not alleged facts to suggest this Defendant acted with deliberately indifference to his conditions of his confinement or his medical needs. He does not allege that the Sheriff knew the stool was defective and comprehended that it posed a danger to the health of the jail inmates. He does not allege the Sheriff knew he was injured and denied him medical care. Plaintiff cannot hold the Sheriff liable for damages under the Eighth Amendment.

---

[13] *Hudson v. McMillian*, 503 U.S. 1,8 (1992).

[14] *Id.*

[15] *Id.* at 9.

[16] *Id.*

[17] *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

[18] *Id*.

[19] *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)

## IV. Conclusion

Accordingly, this action is dismissed under 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[20]

IT IS SO ORDERED.

Dated: August 3, 2017
              *s/  James S. Gwin*
              JAMES S. GWIN
              UNITED STATES DISTRICT JUDGE

---

[20] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.